IN THE FEDERAL GRAND JURY
*of the*
UNITED STATES DISTRICT COURT
*for the*
DISTRICT OF NEW MEXICO
ALBUQUERQUE DIVISION

FILED
United States District Court
Albuquerque, New Mexico

Mitchell R. Elfers
Clerk of Court

**THE UNITED STATES OF AMERICA,**          *
ex rel., United States County Congress          *          CIVIL ACTION FILE
Oversight Committee-(NGO), Michael          *
Anthony Zarzano, Florida County          *          No. __21cv993 KK_____
Congress Oversight Committee-(NGO),
United Counties of America,

Petitioner,

## PETITION TO THE UNITED STATES GRAND JURY
## FOR CRIMINAL VIOLATIONS OF CIVIL RIGHTS

### I.      PRELIMINARY STATEMENT

COMES NOW, the Petitioner and sets forth this Remonstrance and Petition to

this Honorable Grand Jury (an Independent U.S. Constitution, Amendment V, Court of

Inquiry) involving an ongoing pattern of violations of Civil Rights, especially as to their

Statutory Entitlements to free and unmolested right to vote, any violations of which are

within this Grand Jury's Jurisdiction, and seeking this Grand Jury's presentments,

indictments, or other relief in law or in equity, if any there be therefor.

### II.      PETITIONER'S ALLEGATIONS

Petitioner calls the attention of this Honorable Grand Jury to the fact that there

has been a multitude of published reports as to illegal acts related to the casting and/or

tabulating of votes in this Presidential Election Cycle calling into question the validity of

any certified result.  Further, there has been filed in the District Court for the Northern

District of Georgia a civil action, *Pearson et al. v. Kemp et al.*, 1:20-cv-4809-TCB (Nov.

25, 2020), a case brought pursuant to 42 U.S.C. 1983 and 42 U.S.C. 1988, which are the

1

civil tort derivatives, inter alia, of the Federal Criminal Statutes 18 U.S.C. 241 and 18 U.S.C. 242. That case also references numerous criminal acts in violation of federal criminal statutes. That case was filed with evidentiary material under seal; however, upon initiation of its investigation, any Federal Grand Jury shall be privy thereto by subpoena. Additionally, there are implications of illegal tampering and serious deficiencies with the computer systems and software used in the Dominion computer system.

There are, or may be relative to this Petitioner's property interest in his vote, additional criminal complaints to be presented for the consideration of this Grand Jury; however, the sharing of information and the discovery of a petitioner with a Grand Jury is a matter declared to be confidential and privileged and shall require an in person hearing for the Grand Jury to determine whether such touches upon its present service.[1]

Petitioner shall be at the pleasure of this Honorable Grand Jury.

## III.    STANDING OF PETITIONER

Pursuant to the contractual guarantees of the Constitution of The United States of America, inter alia, Amendments I and XIV, on behalf of this Petitioner and all others similarly situated, it is the prerogative of any person to Petition, Peaceably Assemble with, Responsibly Speak to, and Be Heard by, those in government who are vested with the Jurisdictional Power of Government for a redress of grievances. See US Const., Amend. I, Amend. XIV, and 28 U.S.C. 1861.

This Petition is consistent with and is in the exercise of the right of Petitioners to choose that agency of government best clothed with the authority to provide the relief

---

[1] *In re Quarles and Butler*, 158 US 532, 535 (1895) [; ... and such information, given by a private citizen, is a privileged and confidential communication, ...]

2

required.  Further, this Petitioner is in compliance with the duty imposed upon it by 18 U.S.C. 4.[2]

## IV.    FEDERAL GRAND JURY JURISDICTION

A Federal Grand Jury, a contractually established Constitutional fixture in its own right, is established and functions as an independent arm of the federal judiciary and an independent adjunct to a United States Attorney[3].  Once impaneled it has particularly defined duties imposed by both the positive Congressional Statutes and the Common Law.  Pursuant to the Grand Jury's oath of office and federal statutes, it has a legal, non-discretionary, duty to exercise its inquisitorial jurisdiction upon any petition or remonstrance coming to its, or any member's, attention to diligently inquire and true presentment make of any discovery of its own, or that of any person, touching upon this Jury's present service. [4]  In the hierarchical power structure of government agencies the Grand Jurors may be likened to "Kings and Queens".[5]  There are none who are above the inquisitorial duty of this body in this Republic.

Only the Grand Jury, as an independent Amendment V Tribunal, may decide the first question of whether a petition or remonstrance touches upon its present service as

---

[2] This case is controlled by the principles declared and affirmed in _Logan_ v. _United States_, 144 U.S. 263, 283-284 (1892) and _In re Quarles_, 158 U.S. 532, 535-536 (1895).

[3] _US v. Caruto_, 663 F. 3rd 394, 398 (2011) [... _Marcucci_, 299 F.3d at 1163-64 (holding constitutional instructions "consistent with the historical function of the grand jury" that "informed the grand jurors that they were not merely an arm of the government, but rather an independent body").]

[4] 18 U.S.C. § 3332(a) .  See, also, USDOJ Justice Manual, Title 9, 9-11.010 and Criminal Resource Manual 101-158. Note: § 3332(b) limits a federal judge to only one consideration for exercising his authority to impanel a special grand jury, otherwise there is no prohibition in law, either specific or implied, for him to decline to impanel upon request.

[5] _Blair v. United States_, 250 US 273, 279-280 (1919), " ... as early as 1612, in the Countess of Shrewsbury's case, Lord Bacon is reported to have declared that "all subjects, without distinction of degrees, owe to the King tribute and service, not only of their deed and hand, but of their knowledge and discovery."

it is the first duty of every Court to determine its jurisdiction.[6] Such determination is not within the purview of any Trial or Appellate Court (U.S. Cont., Article III) or any United States Attorney to command (or deceptively advocate). The determination lies solely upon this Grand Jury.

Further, should this Grand Jury find any petition to be in the nature of an attempted threat or obstruction to any or all members of the Grand Jury, or any witness or officer before them, they have the immediate recourse to either seek contempt citations, through the assisting U.S. District Court Judge, or indictments to trial for threatening or obstructing behavior, pursuant to Chapter 73 of Title 18 of the United States Code (18 U.S.C. 1503 through 1505), without any prior intervention from the Executive or Judicial branches of this government.

## V.    THE FEDERAL GRAND JURY

### A. PLENARY POWER OF FEDERAL GRAND JURY TO INQUIRE INTO VIOLATIONS OF CRIMINAL STATUTES

A grand jury, including a special grand jury, in all federal jurisdictions, has broad powers to investigate any federal crime committed by any person. According to federal law, it is the "duty" of a regular and special grand jury "to inquire into offenses" that violate "the criminal laws of the United States."[7]

It is prior case law of the Courts, stare decisis, that both a regular and a special grand jury have the broad power to investigate crimes and the power to return

---

[6] *Barclay v. ICON HEALTH & FITNESS, INC.*, 19-cv-2970 (ECT/DTS), (D. C., Minn 2020), "There is no question that jurisdiction must come first when a court's jurisdiction over the entire action is in question. A federal court must always assure itself of its jurisdiction before proceeding to the merits of an action."

[7] 18 U.S.C. § 3332(a): "(a) It shall be the duty of each such [special] grand jury impaneled within any judicial district to inquire into offenses against the criminal laws of the United States alleged to have been committed within that district."

presentments or find indictments, US Const., Amendment V, for signature and prosecution by the United States Attorney.[8]

In order to achieve its mandate, a grand jury also holds broad power over the charges it returns. The "investigation of crime by the grand jury" is "fundamental" to secure the safety of persons and property of all citizens.[9] To aid this mandate and its accompanying power, this Grand Jury may exert any power contained in the Constituuions or laws of any State pursuant to the holding of _Erie Railroad Co. v. Tompkins,_ 304 U.S. 64 (1938) [10] applied to the power of being Judges of the Law.

For instance, in Georgia where a local Grand Jury is a Ga. Const., Article I Court of Inquiry, so too in the Federal Jurisdiction, wherein a Grand Jury is a U.S. Constitution Amendment V Court of Inquiry; independent of any control by any other branch of this Government, when proceeding to conduct its own inquisition without regard to the desires of other governmental agencies[11] and yet, may compel the

---

[8] _Branzburg_ v. _Hayes, 408 U. S. 665, 700 (1972 .,_ "[t]he investigative power of the grand jury is necessarily broad if its public responsibility is adequately to be discharged."
_U.S. v. Forsythe,_ 429 F. Supp. 715, 730 (W.D. Pa. 1977) ("any duly constituted federal grand jury can validly return a conventional indictment for violation of any provision of the federal criminal law"), rev'd on other grounds, ..."
_Cawley v. Warren,_ 216 F.2d 74, 76 (7th Cir., 1954), "The power of the grand jury is not dependent upon the court but is original and complete, and its duty is to diligently inquire into all offenses which shall come to its knowledge, whether from the court, the prosecutor, its own members or from any source, and it may make presentments of its own knowledge without any instruction or authority from the court. The court cannot limit the scope of the investigation of the grand jury."

[9] _In re Report and Recommendation of June 5, 1972 Grand Jury Concerning Transmission of Evidence to the House of Representatives_, 370 F. Supp. 1219, 1222 (D.D.C. 1974). See also, Branzburg v. Hayes, 408 U.S. at 700.

[10] _Erie_, Id. at 78, "Except in matters governed by the Federal Constitution or by Acts of Congress, the law to be applied in any case is the law of the State."

[11] _In re Report and Recommendation of June 5, 1972 Grand Jury Concerning Transmission of Evidence to the House of Representatives_, 370 F. Supp. 1219, 1222 (D.D.C. 1974). The grand jury is a pre-constitutional institution given constitutional stature by the Fifth Amendment but not relegated by the Constitution to a position within any of the three branches of government, as the federal grand jury is a constitutional fixture in its own right. _U.S. v. Chanen_, 549 F.2d 1306, 1312 (9th Cir. 1977) quoting Nixon v. Sirica, 487 F.2d 700, 712 n.54 (D.C. Cir. 1973). Also see, _United States v. Williams_, 504 U.S. 36, 47 (1992).

5

assistance of government attorneys and investigators in the furtherance of the Grand Jury's duty, even to the point of compelling a government attorney to prepare an indictment even if the attorney refuses to sign it, removing and replacing the government attorney if necessary.[12]  In other words, this Grand Jury has absolute constitutional authority, in the proper discharge of their duties, to subpoena, inquire, present, or indict without any recourse whatsoever for any object of their inquiry.

This Grand Jury must take judicial notice of Justice Hall's decision of *In Re Lester*, consistent with the Full Faith and Credit Clause, wherein Justice Hall further stated as a matter of still valid case law in Georgia;

> "It is the right of any citizen or any individual of lawful age to come forward and prosecute for offenses against the state, or when he does not wish to become the prosecutor, he may give information of the fact to the grand jury, or any member of the body, and in either case, it will become their duty to investigate the matter thus communicated to them, or made known to one of them, whose obligation it would be to lay his information before that body."[13]

As pointed out in *Branzburg*, 408 U.S. at 701, it is the Grand Jury's role to determine "whether a crime has been committed and who committed it."  A society's long-term, enlightened, best self-interest is best served when a Grand Jury conducts its own inquiry, or oversees public officers engaging in such an investigation under the auspices of the Jury's oversight.  Again in *Branzburg*, at 701 (citing *United States v. Stone*,249 F.2ddd 138, 140 (2d Cir. 1970), the Supreme Court has pointedly observed that "a grand jury investigation is not fully carried out until every available clue has been

---

[12] *In re Report and Recommendation of June 5, 1972 Grand Jury …, Id.*

[13] See the *Full Faith and Credit Clause* as it relates to the decisions found in *People v. Parker*, 374 Ill. 524, 528; 30 N.E.2d 11; (1940) and *Brack v Wells*, 184 Md. 86, 95-96 (1944) affecting *Lester*, Id.

run down and all witnesses examined in every proper way to find if a crime has been

committed." *Branzburg, Id.*

### B. GRAND JURY'S RIGHT AND DUTY TO CONSIDER ALL EVIDENCE[14]

Any evidence is proper for the consideration of a Grand Jury and an inquiry may

begin on nothing more substantial than a rumor; there are no constitutional limitations

on types of evidence.[15]  However, there are limits upon Grand Juries in the performance

of their duties.  They may not, as made plain by Mr. Justice Powell in *United States v.*

*Calandra*, 414 U.S. 338, 346 (1974), "[v]iolate a valid privilege, whether established by

the Constitution, statutes, or the common law."  That admonition applies to all who

come before, or are brought before, a Grand Jury.

With that thought firmly in mind, and considering the responsibilities of this

Grand Jury referenced in *Calandra*, Id., at 343, "to include both the determination

whether there is probable cause to believe a crime has been committed and the

protection of citizens against unfunded criminal prosecutions.", it is not arguable that

any citizen, possessing evidence of crimes against federal law, should be summarily

excluded by others not clothed with the authority of law from presenting his evidence

before that Grand Jury for their determination of the question of probable cause.

Congress has not clothed any other with such authority and it may not be heard to be

argued, as a matter of law or stare decisis, that a citizen lacks a judicially cognizable

---

[14] *US v. Knight*, 490 F. 3d 1268, 1271 (11th Cir. 2007)
> While you would perform a disservice if you did not indict where the evidence justifies an indictment, you would violate your oath if you merely rubber stamped the indictment brought before you by the government representatives.

These instructions were based upon the Model Jury Instructions.

[15] *United States v. Calandra*, 414 U.S. 338, 344 (1974) citing *Brtanzburg* at 700 and *Costello v. United States*, 350 U. S. 359, 364 (1956).

interest in the prosecution or non-prosecution of another; for any attempt at enforcement of such an argument would be a violation of the law and the fundamental free speech, petition, and peaceful assembly prerogatives.  See, *US v. Knight*, 490 F. 3d 1268, 1272 (11th Cir. 2007) (en banc) holding as to jury instructions stating,

> The grand jury could easily understand it was independent from the court and could indict or not based upon the evidence.

The due and true compliance of a Grand Jury with its ancient duties and responsibilities prescribed in its oath are this Nation's last best hopeful defense which may forestall the taking of a death-grip upon the 2nd Amendment as a tool of reformation of this society.

### C.  CITIZEN'S RIGHT OF ACCESS

Although crimes and allegations of crimes are usually brought by a federal prosecutor, there is no constitutionally valid admonishment in law to specifically prevent a citizen from standing in the place of a state's prosecutor before a Grand Jury in compliance with his rights of petition, remonstrance, peaceable assembly, responsible use of speech, and the right of being heard.  If he does not wish to prosecute, there is no prohibition as to his voluntarily seeking merely to provide sworn or unsworn testimony, or present evidence, to a Grand Jury; for such is the mandate of 18 U.S.C. 4.  It is the *right* of a Grand Jury to the evidence of any man and the *right* of all citizens to have a Grand Jury hear that testimony and see that evidence in order that the Grand Jury may fulfill their paramount duty of protection to the person and property of all citizens and the prosecution of all offenders which was espoused in *Blair v. United States*, 250 US 273, 279-280 (1919),

> "Long before the separation of the American Colonies from the mother country, … as early as 1612, in the Countess of Shrewsbury's case, Lord Bacon is reported to have declared that "all subjects, without distinction of degrees, owe to the King tribute and service, not only of their deed and hand, but of their knowledge and discovery." 2 How. St. Tr. 769, 778.

This holding in _Blair_ is a statutorily mandated duty to all US Attorneys in the third sentence of 18 U.S.C. 3332 (a) which commands,

> Any such attorney receiving information concerning such an alleged offense from any other person shall, if requested by such other person, inform the grand jury of such alleged offense, the identity of such other person, and such attorney's action or recommendation.

however, that command may not be permitted to allow a U.S. Attorney or any judge to prevent a citizen's access before a Grand Jury as such would be an abridgment of Amend. I and violate the right announced in 28 U.S.C. 1861.


## VI.   PRAYERS

**WHEREFORE**, Petitioners desire and request that this Grand Jury start and take managerial and supervisory control of a civil and criminal inquiry into this Presidential Election process, and upon a finding of Probable Cause as to any and all persons accused, natural or artificial, proceed to one of, but not limited to, the following:

- Find true bills of indictment on the charges sustained by evidence,
- Issue a Special Presentment charging the accused with the crimes supported by probable cause, or
- Call the Accused before them and offer him immunity from prosecution upon his allocution in open court, his written resignation from office, his truthful testimony in this or future trials of any kind, and

- his entering into an agreement with the United States that he shall not again seek or hold any office of public trust or honor in any jurisdiction.

If, in accordance with the power to be judges of the law, there are findings of significant instances of FRAUD sufficient to call the published certified returns of the Electoral College into question, then declare that Presidential Election Cycle VOID, and further declare all affected offices VACANT.

Additionally, that Petitioner be heard on other criminal matters to be made known to this Court of Inquiry, if any there be.

Petitioners request notice of receipt of this Petition and its filing into the Record of this Grand Jury / Court of Inquiry, signed by the Forman (both name and title) and that subpoenas issue for a date and time certain for a hearing.

Respectfully submitted this 15th day of September, 2021.


/s/ Cynthia King

(Petitioner Name)


/s/ Cynthia King

(Petitioner Signature)


3058 Curry Terrace

Address

Port Charlotte FL 33981

City, State, Zip

S8\$408.162

$7.53¹
US POSTAGE
FIRST-CLASS
0625131S0020
33981
0000030842

CERTIFIED MAIL®

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

7020 1810 0002 2062 6188

King, C
3058 Curry Terrace
Port Charlotte FL 33981

RECEIVED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

OCT 12 2021

MITCHELL R. ELFERS
CLERK

Foreman, Federal Grand Jury
United States District Court
District of New Mexico
Albuquerque Division
333 Lomas Blvd NW
Albuquerque NM 87102